JULANDER, BROWN & BOLLARD
William C. Bollard, Cal. Bar No. 105489
  *william@jbblaw.com*
Eric M. Kennedy, Cal. Bar No. 228393
  *emk@jbblaw.com*
9110 Irvine Center Drive
Irvine, California 92618
Telephone: (949) 477-2100
Facsimile: (949) 477-6355

Attorneys for Defendant

MULCAHY REEVES LLP
James M. Mulcahy, Bar No. 213547
  *jmulcahy@mulcahyreeves.com*
Rex T. Reeves, Bar No. 136842
  *rreeves@mulcahyreeves.com*
Kevin A. Adams, Bar No. 239171
  *kadams@mulcahyreeves.com*
One Park Plaza, Suite 225
Irvine, California  92614
Tel: 949-252-9377
Fax: 949-252-0090

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ALLOURE, INC., a California corporation; ARMAN VAKILI, an individual; and JALAL "ALLEN" MONSHIETAHADI, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>FA COOPERATIVE, INC., a Missouri corporation, dba FLOORING AMERICA; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. SAC08-00614 DOC (RNBx)<br><br>*Honorable David O. Carter*<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>(***Joint Stipulation for Entry of Protective order and Declaration of Michael P. Wolf lodged concurrently herewith***)<br><br>Action filed: June 4, 2008<br><br>Trial Date: January 19, 2010 |

JULANDER, BROWN & BOLLARD
9110 IRVINE CENTER DRIVE
IRVINE, CALIFORNIA 92618
TEL. (949) 477-2100 • FAX (949) 477-6355

It is hereby ordered that the terms and conditions of this Stipulated Protective Order ("Protective Order" or "Order") shall govern the handling of documents, answers to interrogatories, depositions, pleadings, exhibits, computer readable data storage media and all other information exchanged by the parties in this action, or provided by or obtained from non-parties in this action.

It is hereby ORDERED as follows:

**1.      Applicability of Protective Order:** This Order shall be applicable to and govern all depositions, documents, information or things produced by a party or third party in connection with this litigation in response to requests for production of documents, answers to interrogatories, responses to request for admissions, answers to deposition questions and all other discovery taken pursuant to the Federal Rules of Civil Procedure or other information that the Disclosing Party designates as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" (or a reasonably similar designation) furnished, directly or indirectly, by or on behalf of any party or any non-party witness as part of discovery in this action.  As used herein, "Disclosing Party" shall refer to the parties to this action and to third parties that give testimony or produce documents or other information, and "Receiving Party" shall refer to the parties to this action and to third parties that receive such information.

**2.      Definitions:** For purposes of this Order, "CONFIDENTIAL INFORMATION" means any information that a party or third party in good faith

reasonably believes contains trade secret or other confidential, competitive or

proprietary business information used by it in, or pertaining to, its business which

the party or third party takes appropriate efforts to keep confidential or which the

party is otherwise required to keep confidential by agreement or law.

"ATTORNEYS' EYES ONLY INFORMATION" shall include and be limited to

any information, document, or thing, or portion of any document or thing that

contains highly sensitive business or personal information, the disclosure of which is

highly likely to cause significant harm to an individual or to the business or

competitive position of the designating party. "PROTECTED INFORMATION"

means "CONFIDENTIAL INFORMATION" or " ATTORNEYS' EYES ONLY

INFORMATION."

3. **Persons With Access to "ATTORNEYS' EYES ONLY**

**INFORMATION":** Except as set forth below, in the absence of written permission

from the Disclosing Party or third party, or an order from the Court, information

designated as "ATTORNEYS' EYES ONLY INFORMATION" shall be used solely

for the purposes of this action, may not be disclosed to any employee of a party and

may be disclosed only to the following persons:

a. **Counsel:** Counsel of record in this action, and paralegal

assistants, technical, administrative and clerical employees working under the direct

supervision of such attorneys;

b. **Outside Experts and Consultants:** Any outside expert or

consultant, whether testifying or non-testifying, who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist in preparation of this action for trial, and qualified according to paragraph 5 below, with disclosure only to the extent necessary to perform such work;

      **c.**    **Court Reporters:** Any interpreter, videographer, or court or other shorthand reporter or typist translating, recording or transcribing testimony that includes "PROTECTED INFORMATION";

      **d.**    **Authors and Recipients:** Any person whom the document sought to be disclosed to that person indicates on its face is an author or authorized recipient of the document;

      **e.**    **The Court:** Personnel of the Court and all appropriate courts of appellate jurisdiction; and

      **f.**    Any other person agreed to by the parties in writing;

      **g.**    **Required Undertakings:** "ATTORNEYS EYES ONLY INFORMATION" shall not be disclosed to persons described in paragraphs 3(b), (c) and (f) unless and until such person has executed an Agreement in the form attached hereto as Exhibit A, and such Agreement has been served on counsel for all parties.

      **4.**    **Persons With Access to CONFIDENTIAL INFORMATION":**

Except as set forth below, in the absence of written permission from the Disclosing Party, or an order of the Court, information designated as "CONFIDENTIAL INFORMATION" shall be used solely for the purposes of this action and may be

4

1  disclosed only to the following persons:

2          a.      Any person having access to "ATTORNEYS' EYES ONLY

3  INFORMATION";

5          b.      **Parties:** The parties to these proceedings;

6          c.      **Party Employees:** Employees of parties to these proceedings,

7  where counsel in good faith believes that the CONFIDENTIAL INFORMATION

8  disclosed to such person is relevant to the preparation and/or testimony of such

9  person or is otherwise necessary to these proceedings (provided that such disclosure

10 is limited to only CONFIDENTIAL INFORMATION which counsel in good faith

11 believes is relevant to the preparation and/or testimony of such person or is

14 otherwise necessary to these proceedings);

15         d.      **Required Undertakings:** "CONFIDENTIAL INFORMATION"

16 shall not be disclosed to persons described in paragraphs 4(c) unless and until such

17 persons has executed an Agreement in the form attached as Exhibit A, and such

18 Agreement has been served on counsel for all parties.

21         5.      **Qualification of Outside Experts and Consultants:** Outside experts

22 and consultants shall not be current employees of a party or have been employed by

23 a party within one (1) year prior to the disclosure of "PROTECTED

24 INFORMATION."  Such "PROTECTED INFORMATION" shall not be disclosed

25 to any such expert or consultant until after a period of ten (10) calendar days after

27 service, by facsimile and regular mail, on all parties of identifying information for

the expert or consultant, including his/her name, address and job title, the name and address of his/her employer and a current curriculum vitae including a list of all companies for which such person has consulted during the last three (3) years.  The party receiving notice of such expert and service of such identifying information shall have ten calendar days from the date of such notice to object in writing to the provision of "PROTECTED INFORMATION" to the outside expert or consultant. Unless the parties otherwise resolve the objection, the objecting party shall have an additional ten calendar days from the date of service of the identifying information regarding the expert to file an appropriate motion to preclude the employment of the expert or consultant and/or disclosures of "PROTECTED INFORMATION" to him or her, and no "PROTECTED INFORMATION" that is the subject of the objection will be disclosed until the motion is decided.  The times to respond as set out in this subparagraph shall not begin to run unless the identifying information served regarding the expert complies with the requirements set out herein.

6.     **Storage and Copies of "PROTECTED INFORMATION"**: The recipient of any "PROTECTED INFORMATION" that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.  "PROTECTED INFORMATION" shall not be copied, reproduced, summarized or abstracted,

except to the extent that such copying, reproduction, summarization or abstraction is

reasonably necessary for the conduct of this lawsuit.  All such copies, reproductions,

summaries and abstractions shall be subject to the terms of this Protective Order,

and labeled in the same manner as the designated material on which they are based.

   **7.**  **Designating "PROTECTED INFORMATION":** Disclosing Parties

shall designate "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES

ONLY INFORMATION" as follows:

    **a.**  **Documents:** In the case of documents, interrogatory answers,

responses to requests for admission, briefs, and the information contained therein,

designation shall be made by placing the following legend on every page of any

such document prior to production: "CONFIDENTIAL INFORMATION" or

"ATTORNEYS' EYES ONLY INFORMATION".  In the case of documents

produced in discovery, the designation may alternatively be made by any means that

identifies the disclosing party, the case and the level of confidentiality.  The

foregoing shall not preclude the inclusion of additional text in such legend, such as

"Subject to a Protective Order," or any other similar designation.  In the event that a

party inadvertently fails to stamp or otherwise  designate a document or other

information as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES

ONLY INFORMATION" at the time of its production, that party may within

fourteen (14) days after becoming  aware of its undesignated disclosure designate

such information as "CONFIDENTIAL INFORMATION" or "ATTORNEYS'

EYES ONLY INFORMATION" by giving written notice to all parties.  Under such circumstances, all Receiving Parties who have made further disclosures of such information shall comply with paragraph 13 below.  However, no Receiving Party shall have any other obligation or liability due to any disclosure of the information that occurred prior to the receipt of such notice; provided, however, any subsequent disclosures shall be in accordance with such designation.

        **b.**     **Deposition Proceedings:** In the case of depositions, designation of the portion of the transcript (including exhibits) that contains "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" shall be made by a statement to such effect on the record in the course of the deposition; or upon review of such transcript, by counsel for the party to whose "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" the deponent has had access, said counsel designating within thirty (30) calendar days after counsel's receipt of the final transcript, and listing on a separate piece of paper the numbers of the pages of the transcript containing "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION", inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof.  Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL INFORMATION," unless counsel during the deposition states that the information

is "ATTORNEYS' EYES ONLY INFORMATION."  If no designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" other than those portions designated on the record during the deposition, if any.  In the event that a party inadvertently fails to designate portions of a transcript and exhibits thereto as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION", that party may, within fourteen (14) days after becoming aware of its inadvertent failure to designate, designate such information as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" by giving written notice to all parties.  Under such circumstances, all Receiving Parties who have made further disclosures of such information shall comply with paragraph 13 below.  However, no Receiving Party shall have any other obligation or liability due to any disclosure of the information that occurred prior to the receipt of such notice; provided, however, any subsequent disclosures shall be in accordance with such designation.  Counsel using third party "PROTECTED INFORMATION" during a deposition shall designate portions of the transcript (including exhibits) that contain such information in accordance with the third party designation.

          **c.**    **Non-Paper Media:** Any "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" produced in non-paper media

(e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION".  In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-paper media, such party must stamp each page "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION", and the hard copy, transcription or printout shall be treated as it is designated.

        **8.**     In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential Information" or "Attorneys' Eyes Only Information," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

        **9.**     **Challenging Designation of Materials:** A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation.  In the event that any party to this litigation disagrees at

any stage of these proceedings with such designation, such party may provide to the

Disclosing Party written notice of its disagreement with the designation.  The parties

shall first try to resolve such dispute in good faith and pursuant to this Court's Local

Rule 37-1.  If the dispute cannot be resolved, the party challenging the designation

may request appropriate relief as set forth in this Court's Local Rule 37-2 from the

Court.  The burden of proving that information has been properly designated as

"CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY

INFORMATION" is on the party making such designation.  Any challenged

designation remains in force until the propriety of such designation has been

determined, either by agreement of the parties or by order of the Court as outlined

above.

**10.    Use of "PROTECTED INFORMATION" Limited to This Action:**

"CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY

INFORMATION" shall be used by the Receiving Party only for the purpose of

conducting this action, and not for any business or other purpose whatsoever.  No

"CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY

INFORMATION," or the contents thereof, shall be disclosed to or used with any

representative, agent, attorney or employee of the Receiving Party, except as

provided herein.  Nothing contained in this Order shall preclude a Disclosing Party

from using or disseminating its own "CONFIDENTIAL INFORMATION" or

"ATTORNEYS' EYES ONLY INFORMATION."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**11.   Third Party "PROTECTED INFORMATION":** Third parties may (a) designate deposition transcripts and any documents or information they produce, whether voluntarily or by subpoena, as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" to the same extent and in the same manner as parties to this litigation and such documents or information shall be treated by the parties to this litigation in the same manner as documents or information so designated by a party; and (b) intervene in this litigation to enforce the provisions of this Protective Order as if they were a party.

**12.   Inadvertent Disclosure:** If "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION," or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the Receiving Party shall notify the Disclosing Party of the inadvertent disclosure and use its best efforts to retrieve immediately all copies of such document(s) or information and to bind such person to the terms of this Protective Order, including cooperating in obtaining an order of the court to remedy the disclosure, if necessary.  In such event, the Receiving Party also shall (a) promptly inform such person of all the provisions of this Protective Order; (b) identify such person immediately to the Disclosing Party and inform the Disclosing Party of all pertinent facts relating to such disclosure, and (c) request such person to sign the acknowledgment in the form attached hereto as Exhibit A.  These provisions also apply to information that was not marked at time

of disclosure, but was subsequently marked pursuant to paragraphs 7(a) and 7(b).

13.    **Use of Party's Own Information Allowed:** Nothing in this Protective Order shall preclude any party to the lawsuit or its attorneys from disclosing or using, in any manner or for any purpose, any information or documents from that party's own files that the party itself has designated as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION."

14.    **Subpoenas in Other Actions:** In the event any Receiving Party having possession, custody or control of any "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" receives from a third party a subpoena or other process or order to produce such information in another legal proceeding, such Receiving Party shall notify counsel for the Disclosing Party of the subpoena or other process or order, furnish counsel for the Disclosing Party with a copy of said subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the Disclosing Party whose interests may be affected to protect its "PROTECTED INFORMATION."  The Disclosing Party or third party asserting the "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" designation shall have the burden of challenging or otherwise defending against such subpoena, process or order. Until and unless there is an agreement between the parties or a further order of the Court, the party receiving the subpoena or other process or order shall ensure protection of confidentiality.  Nothing in the paragraph shall be construed as

13

authorizing a party to disobey a lawful subpoena issued in another action.

15.   **Exclusion of Individuals From Depositions:** Counsel for either party shall have the right to exclude from oral depositions, other than the deponent, the deponent's counsel, the deposing counsel, the videographer and the reporter, any person who is not authorized by this Protective Order to receive documents or information designated "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION."   Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" of the party seeking to exclude the person from the deposition.

16.   **Conclusion of Litigation:** Within sixty (60) days of the termination of all of this action, whether through settlement or final judgment (including any and all appeals therefrom), each Receiving Party will, at the option of the Disclosing Party, either return to the Disclosing Party or destroy all "CONFIDENTIAL INFORMATION" and all "ATTORNEYS' EYES ONLY INFORMATION" produced by the Disclosing Party or Third Party, all work product containing such information and all copies thereof.  The sole exception to this requirement is that outside counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence, work product, trial transcripts and trial exhibits admitted into evidence.

17.   **Protective Order Survives Termination of Litigation and The**

**Court Retains Jurisdiction:** Except as specifically provided herein, the terms, conditions, and limitations of this Protective Order shall survive the termination of this action.  This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice.  The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

18.    **All Rights Reserved:** This Protective Order is without prejudice to the right of any party to seek other or further relief from the Court.

19.    **No Waiver of Any Right to Object:** This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable laws.

20.    **No Waiver of Privilege or Work Product:** It is agreed that inadvertent production of documents or information subject to the attorney-client privilege or work product immunity (despite the parties' reasonable efforts to prescreen such documents and information prior to production) does not waive the attorney-client privilege or work product immunity with respect to such production or with respect to other materials or information referred to in the materials

produced, if a request for return or destruction of such documents or information is made promptly after the disclosing party learns of its inadvertent production.  Upon such request, the other party or parties shall promptly destroy or return to the Producing Party all copies of the requested documents and information.  Such action shall not constitute an acknowledgment that the claimed document or information is in fact privileged or entitled to any protection or immunity.  Nothing in this paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of privilege or protection has been made.

21.    **Advice Based On "PROTECTED INFORMATION" Allowed:**

Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the examination of "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION"; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose the contents of any "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" produced by another party if that disclosure would be contrary to the terms of this Protective Order.

22.    **No Effect On Other Legal Obligations:** This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right

of any party or person with respect to any "CONFIDENTIAL INFORMATION" or

"ATTORNEYS' EYES ONLY INFORMATION".  The fact that information is

designated "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY

INFORMATION" under this Protective Order shall not be deemed to be

determinative of what a trier of fact may determine to be confidential or proprietary.

23.     **Redaction Allowed:** Any Producing Party may redact from the

documents and things it produced matter that the Producing Party claims is subject

to attorney-client privilege, work product immunity, a legal prohibition against

disclosure, or any other privilege or immunity.  The Producing Party shall mark

each thing where matter has been redacted with a legend stating "REDACTED," as

appropriate, or a comparable notice.  Where a document consists of more than one

page, at least each page on which information has been redacted shall be so marked.

The Producing Party shall preserve an unredacted version of each such document.

This provision shall not affect any obligation to provide a log of information

redacted or otherwise withheld on the basis of attorney-client privilege, work

product immunity, a legal prohibition against disclosure, or other privilege or

immunity.

24.     **Violations of Protective Order**: In the event that any person or party

should violate the terms of this Protective Order, the aggrieved disclosing party may

immediately apply to obtain injunctive relief against any such person or party

violating or threatening to violate any of the terms of this Protective Order.  The

parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

       **25.**    **Reasonable Modifications Upon Written Agreement:** The parties may agree in writing to reasonable modifications of this Protective Order.  However, no modification by the parties shall have the force or effect of a Court order unless the Court approves the modification.

       **26.**    **Headings:** The headings herein are provided only for the convenience of the parties, and are not intended to define or limit the scope of the express terms of this Protective Order.

**IT IS SO ORDERED**

Dated: June 16, 2009

_____
The Honorable Robert N. Block

**EXHIBIT A**

**AGREEMENT CONCERNING INFORMATION
COVERED BY PROTECTIVE ORDER**

I, _____, hereby acknowledge that I have received a copy of the Protective Order entered in this action (Case No. SACV08-00614 DOC (RNBx)) by the United States District Court for the Central District of California (hereinafter, "the Protective Order").

I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

If I receive documents or information designed as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION," (as those terms are defined in the Protective Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

I agree to hold in confidence and not further disclose or use for any purpose (other than as permitted by the Protective Order.

I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for resolution of any matters pertaining to the Protective Order.

My address is:

_____

My present employer is (name and address):

_____

Dated: _____

Signed: _____